[Civ. No. 1320.   First Appellate District.—July 2, 1914.]

## J. F. COLLOM, Respondent v. ROOS BROS., Incorporated, Appellant.

BROKERS—COMMISSION FOR LEASING PROPERTY—TRANSFER OF LEASE—EXECUTION OF NEW LEASE.—Where a corporation lessee assigns the lease, which contains an option of renewal, to another corporation, the transferee is not bound, upon the expiration of the term and the procuring by it of a new lease, to continue to pay to the broker who procured the original lease the monthly amount which he was to receive during the original term and its extension in case of a renewal, although the stockholders of the transferee are also stockholders of the transferer. The new lease cannot be considered a renewal of the old lease, so as to continue the brokers right to monthly payments.

ID.—RENEWAL OF LEASE—WHETHER NEW LEASE WILL BE REGARDED AS.
While it is true that a new lease made between the immediate par-
ties to a former one containing the privilege of a renewal, may be
varied as to its terms and still be held to constitute a renewal
thereof, this flexibility in the exercise of the privilege cannot be
held to apply as between the lessor and a transferee of the first
lease.

ID.—CORPORATIONS—LIABILITY OF STOCKHOLDERS WHO BELONG TO TWO
COMPANIES.—The mere fact that the persons who are stockholders of
one corporation doing one kind of business, are also stockholders
of another corporation engaged in another and distinct line of busi-
ness, is not in itself sufficient to impute liability to one for the acts
of the other, in the absence of some direct proof of a fraudulent
design in the carrying out of which the two entities are controlled
and act as one.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order refus-
ing a new trial. Robert M. Clarke, Judge presiding.

The facts are stated in the opinion of the court.

Heller, Powers & Ehrman, Sidney M. Ehrman, and Walter
Rothchild, for Appellant.

John Ralph Wilson, Harding & Monroe, and Robert H.
Borland, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in
favor of plaintiff for the sum of $844.10, and from an order
denying the defendant's motion for a new trial. The essen-
tial facts are these: The plaintiff in April, 1906, was a real
estate broker in the employ of Madison & Burke, a real estate
firm in San Francisco. After the earthquake and fire of
that year, knowing that Mrs. B. McDermott was the owner
of certain property on Fillmore Street which she desired to
rent, and having learned that the defendant wished to lease
the property, the plaintiff went to the home of Mrs. Mc-
Dermott in Oakland on April 26, 1906, and obtained from
her an option for a lease of the premises for three years, with
a privilege of renewal, and at a rental of five hundred dol-
lars a month, the option to expire on May 1st. Two days
later he made an agreement with Roos Bros., by which he
agreed to procure a lease of the premises for them, for three

years, with a privilege of renewal, at a rental of six hundred dollars per month, and by which Roos Bros. agreed to pay Collom "out of the monthly rental of $600 per month to be reserved in said lease, such amount as the owner of said premises may allow him, the same to be in full of all commissions and other services rendered and to be rendered by him as above." Having this agreement Collom then went back to Mrs. McDermott, and obtained the execution by her of a lease of the property to Roos Bros., for the term of three years, with an option of renewal for seven years additional for the sum of six hundred dollars a month. He also obtained from Mrs. McDermott a letter addressed to Roos Bros., in which the latter were "authorized to pay on account to J. Frank Collom, his heirs or assigns, the sum of one hundred dollars per month during the full term of said lease and any renewal thereof for the period of seven years additional as therein provided." This letter was presented to Roos Bros. at the time of the execution of the lease on their part, and their acceptance of its terms was evinced by the payment to Collom for a time thereafter of the monthly sum of one hundred dollars out of the rents specified in their lease.

Roos Bros. is, and prior to the date of the lease in question was, a corporation composed of Leon L. Roos, Robert L. Roos, George H. Roos, Adolph Roos, and Achille Roos. Immediately after the earthquake and fire this corporation had taken a number of leases of real estate in San Francisco; but in the month of July, 1906, a new corporation was formed, known as Roos Realty Company, which then took over and thereafter conducted separately the real estate branch of the business of Roos Bros., with which the two elder members of the former corporation did not wish to be further concerned. The stockholders of the new corporation were Leon L., Robert L., and George H. Roos; and in it the two elder members of the Roos family, Adolph and Achille, had no interest. To this new corporation the older one of Roos Bros. assigned all of its interest in these several leases, including that made by Mrs. McDermott, and thereafter the Roos Realty Company paid to Mrs. McDermott the portion of the rental to which she was entitled under the foregoing agreements, and also paid to the plaintiff Collom his share thereof in accordance with Mrs. McDermott's direction. In the month of February, 1909, Roos Bros. notified Mrs. Mc-

Dermott that the privilege of renewal in the lease of April, 1906, would not be exercised. A short while later negotiations were entered into between George H. Roos, representing the Roos Realty Company, and the owner of the property, for another lease of the premises, as a result of which a new lease was entered into between Mrs. McDermott and George H. Roos, whereby, for a rental of six hundred dollars a month, the latter leased the property for a term of three years and eight months from the end of the term of the former lease, with the privilege of renewal of the new lease for a further term of three years and four months from the end of the stated term thereof. Upon the execution of this instrument and the expiration of the former lease Mrs. McDermott instructed Roos Bros. in writing to cease paying Collom any further sum. The payments to Collom accordingly ceased on May 1, 1909; and in November, 1909, he brought this action.

In his third amended complaint the plaintiff, after stating the substance of the option and agreements out of which the first lease came into being, together with the direction of Mrs. McDermott to Roos Bros. as to the payment of the one hundred dollars a month to him during the term of said lease, and also the fact of the making of the later lease, proceeded to aver that George H. Roos, to whom the second lease ran, was a large stockholder and officer of Roos Bros. and was also a large stockholder and officer of Roos Realty Company; that the stockholders of Roos Realty Company are all stockholders of the defendant Roos Bros., and were all as such stockholders beneficially interested in the original lease, and were in fact the only stockholders of the defendant corporation who ever had any beneficial interest therein; that said second lease was taken in the name of George H. Roos as the agent and trustee of Roos Realty Company, and that the same was taken and held by said George H. Roos in the form of a new lease and not as a specific renewal of the lease of April, 1906, "as an attempt on the part of defendant to evade its liability under its contract with the plaintiff for the payment to him of one hundred dollars a month during any renewal of the former lease." In its answer to this third amended complaint the defendant admits that George H. Roos is a large stockholder both of the defendant and the Roos Realty Company; and admits that the stockholders of the Roos Realty Company are all stockholders of the defendant, and admits

that they were all as such stockholders interested in the first lease; but denies that they were the only stockholders so interested therein, and alleges that the other stockholders of the defendant were also interested in said first lease at the time of its execution and so continued to be until its transfer to the Roos Realty Company but not thereafter; the defendant also admits that George H. Roos took the second lease as trustee for the Roos Realty Company, but denies that the said last named lease was taken in the form of a new lease as an attempt on the part of the defendant to evade its liability to the plaintiff in the event of a renewal of the former lease; but on the contrary avers that the new lease constituted an entirely new and independent transaction with the owner of the property, and was in no sense a renewal of the old lease, but was different in time and terms from what such renewal would or could have been; that the old lease was not renewed, and hence that defendant's liability to the plaintiff ceased with its expiration on May 1 of 1909, and that the defendant owes the plaintiff nothing.

Upon the issues as thus formed the cause went to trial. The plaintiff introduced in evidence the several documents referred to in the history of the transaction; and thereupon and upon the admissions of the pleadings rested his case. The defendant moved for a nonsuit upon the ground of plaintiff's failure of proof, which motion the court denied, and to which the defendant duly excepted, and now assigns the same as error.

We think the defendant's motion for nonsuit should have been granted. The plaintiff's theory as to his right of recovery is predicated upon a twofold aspect of the facts as presented by the documentary proofs and by the admissions of the pleadings in the case. The first of these is that the defendant by its transfer of the first lease to the Roos Realty Company, transferred to it the right to enter into a renewal thereof, which, if consummated, would serve to bind the defendant to continue its payment of one hundred dollars monthly to the plaintiff during the term of such renewal; and that the new lease taken by George H. Roos as the agent and trustee of the Roos Realty Company constituted in fact such renewal. But while it may be conceded that the defendant, by its transfer of the first lease passed over to the Roos Realty Company the right to make a renewal of it by

which the defendant would be bound to continue its payments to the plaintiff, it does not follow that the new lease is, on its face and standing by itself to be considered to be a renewal of the former lease. It is made to a different person, representing a different entity from that of the former lessee. It is for a different term from that provided for in the privilege of renewal stipulated in the former lease. This is an essential variation; and while it is true that a new lease made between the immediate parties to a former one containing the privilege of a renewal, may, under the authorities, be varied as to its terms and still be held to constitute a renewal thereof, this flexibility in the exercise of the privilege cannot be held to apply as between the lessor and a transferee of the first lease. Otherwise the original lessee would be placed in a position where it would be bound by obligations to which it was not a party and differing from those which it would have consented to incur. In order, therefore, that this new lease, made between different parties and for a different term than the former one, might be held to be a renewal of it so as to bind Roos Bros. to a continuance of their payments to the plaintiff, it must either have been identical in terms with the original lease, or it must be aided by those proofs which the plaintiff in his complaint undertook to supply; that is to say, by evidence sustaining the plaintiff's averments that the second lease was taken in the form of a new lease and not as a specific renewal of the former one, in "an attempt on the part of the defendant to evade its liability under its contract with plaintiff," or, in other words, with the fraudulent design and effort on the part of the appellant to avoid its obligation; for this is what the averments of the plaintiff's complaint must be held to mean, although the plaintiff in his brief disclaims the intent to impute fraud to the appellant.

This branch of the plaintiff's case requiring averment in his complaint, and being traversed by the answer, of necessity demanded affirmative proof on the part of plaintiff at the trial; but this proof, essential to his case, the plaintiff utterly failed to produce, unless it is to be found in the documents which evidence the transaction, or in the admissions of the defendant's pleadings, or in both read together.

So far as the documents are concerned, they, in themselves, evince no such fraudulent intent or attempt as the plaintiff avers; and so far as the admissions of the pleadings go, the

only admission of the defendant which plaintiff urges as supporting this view of the case is the admission that the stockholders of Roos Realty Company, the corporation for whose benefit the second lease was made, were also stockholders of Roos Bros., the corporation named as lessee of the first lease and the transferer thereof to the later corporation. But this admitted fact, either taken alone or in connection with the documentary proofs, does not tend to disclose any fraudulent design or effort on the part of Roos Bros. to avoid its obligation to the plaintiff. It is not shown, or even contended, that these two corporations are one entity, even though all of the stockholders of Roos Realty Company are also some of the stockholders of Roos Bros. On the contrary, the pleadings and proofs of the plaintiff himself show that they are two different entities, having different holdings and engaged in distinct forms of corporate energy; that the latter corporation was organized to take over the real estate activities and investments of the former corporation which certain of its stockholders no longer wished themselves or it to be interested in; that it did so openly, and that thereafter its business and affairs were entirely separate from those of the earlier corporation; that these facts were known to the plaintiff at the time; and that during practically the entire term of the first lease he dealt with the Roos Realty Company as a separate entity and as the successor in interest in such lease of the former corporation. The mere fact that the same persons were stockholders of one corporation doing one kind of business, are also stockholders of another corporation engaged in another and distinct line of business, is not in itself sufficient to impute liability to one for the acts of the other in the absence of some direct proof of a fraudulent design in the carrying out of which the two entities are controlled and act as one. No such proof had been presented at the close of the plaintiff's case. This being the state of the record and the proofs when the plaintiff rested, we think the court erred in refusing to grant the defendant's motion for nonsuit at that stage of the trial.

The subsequent proofs cannot be said to have in any way strengthened the plaintiff's original case; and hence it follows that if the motion for a nonsuit should have been granted, the judgment which the court rendered and entered

at the close of the trial should be reversed, as well as the order of the court refusing to grant a new trial.

The judgment and order are reversed, and the cause remanded for a new trial.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1914.